UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| FRANCISCO SILVA-VAZQUEZ, | ) | CASE NO.: C08-1179-JLR |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| A. NEIL CLARK, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On August 7, 2008, petitioner Francisco Silva-Vazquez, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest Detention Center in Tacoma, Washington. (Dkt. 6). On September 17, 2008, however, respondent filed a Return Memorandum, Motion to Dismiss, and Withdrawal of Motion for Extension of Time, Dkt. 11, indicating that on August 29, 2008, petitioner was released from ICE custody pursuant to an Order of Supervision. (Dkt. 11). Respondent asserts that because petitioner is no longer detained by ICE, his habeas petition should be dismissed as moot. *Id.*

For a federal court to have jurisdiction, "an actual controversy must exist at all stages of

REPORT AND RECOMMENDATION
PAGE -1

the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id*. Because petitioner is no longer detained by ICE, the Court finds that petitioner's habeas petition should be dismissed as moot. *See, e.g., Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992) (holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe). Accordingly, I recommend that respondent's motion to dismiss be granted, and that this action be dismissed without prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 22nd day of September, 2008.

Mary Alice Theiler
United States Magistrate Judge